# A. PAYNE v. STATE.

No. A-7042.   Opinion Filed Jan. 4, 1930.
(283 Pac. 1030.)

Morris & Tant, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was charged by information   with the crime of unlawfully having possession and under his control approximately one ounce of morphine, was tried and convicted, and his punishment fixed at five years in the penitentiary.   The record was perfected, and the defendant has appealed to this court.

The record in this case discloses that the state called B. F. Richards, and he testified to having seen the defendant leave a package in the weeds by the fence on his farm; he got into communication with the sheriffs office, and a deputy came out and got the package; it was taken to the courthouse and turned over to the sheriff's office; prior to the day of the trial, or on that day, Mr. Richards went to the sheriff's office and was delivered a can looking like the can he and the deputy sheriff delivered to the office several weeks before that he saw the defendant leave by

the fence near his farm, but witness stated he had not had possession of the can or its contents since he delivered it to the deputy sheriff, A. A. Crossley, on or about the 2d day of July, 1927; the trial was had on the 25th day of September, 1927.

The witness further testified he could not tell whether the can had the same contents it had when delivered to the deputy sheriff, and neither Deputy Sheriff Crossley, nor any one from the sheriff's office who might know where the can had been kept, were called to testify that the contents of the can were the same contents that were in the can at the time the deputy brought it in from Mr. Richards' place; the witness Richards testifying to getting the can the morning of the trial and taking it to a chemist to ascertain what its contents were.

The state offered Exhibits 1 and 2 in evidence, as a part of the state's case in chief, and the defendant objected on the ground that it was irrelevant, incompetent, and immaterial; no proper foundation laid for the introduction of the testimony, there being no evidence in the record connecting the defendant with the exhibits.

The court then said:

"There is a very serious question arises in this case, gentlemen, and that is this; on that objection, and I think it is a matter ought to be determined now, and that is this: up to this time there is no evidence before this court to show that the contents of these exhibits are the same things—same as the contents were then. I think it is necessary to show the contents of this box are the same things were in the box the time this box was found. I want to say this that I have never tried a dope case yet but what there wasn't any question about the contents that the man is alleged to have had in his possession, not one single case have I tried. You ought to bring some-

body from the sheriff's office to show these packages were in the custody and control of the sheriff's office at the time they were delivered there until they were delivered to Mr. Richards this morning. I think anybody from the sheriff's office—Mr. Richards says he saw the packages put in the safe. I think anybody ought to be able to testify these packages were in the custody of the sheriff there and have been since that time. I think this case is in this situation: that the witness testified in this case the contents of these packages—the most he can say about it and the most he does say is that they resemble the contents that were in the package the time he saw them out at the farm and in the road. Now in my judgment that puts this law suit in such a situation it is a matter may be submitted to the jury and let the jury determine whether or not the contents that are in this package and that paper are the same as was in them at the time this package was found out on the farm and the box found on the farm and the package picked up in the road, and the jury has got that evidence before it. I will submit that question for the determination of the jury.

"Defendant excepts to the remarks of the court on the evidence.

"The Court: The exception is allowed.

"The defendant excepts to the introduction of the exhibits in evidence.

"The court overruled the objection of the defendant to the introduction of the exhibits, and defendant excepted.

"The state then rests its case."

At the close of the state's testimony, the defendant demurred to the evidence introduced by the state for the reason that the same is insufficient to support the charge laid in the information, which demurrer was overruled, and defendant excepted.

The defendant then moved the court to direct a verdict of not guilty, for the reason that the evidence is in-

sufficient to require the defendant to answer the same, and especially for the reason that the state has wholly failed to show the contents of Exhibits 1 and 2 are the same as those found by the deputy sheriff and the witness Richards at the time testified about.

"Mr. Tant: It is a little out of order, but the defendant especially objects at this time and moves the court to withdraw from the consideration of the jury all the memoranda and notations on the respective exhibits 1 and 2 of the state for the reason the same is not identified in any manner with the defendant.

"Mr. Powell: The state only offers in evidence the package and the can and the contents.

"The Court: I only admit that part of the label the chemist testified he put on; what is on the labels will not be considered by the jury.

"Mr. Tant: The defendant will stand on his demurrer and motion for a directed verdict.

"Mr. Powell: I would like the record to show they don't care to introduce any evidence but rest.

"Defendant objects to the remarks of the county attorney to let the record show we don't care to introduce any evidence.

"The Court: That is what it means when you stand on your demurrer and directed verdict that you don't want to introduce any testimony. Let the record show the defendant stands on his demurrer to the evidence and motion for an instructed verdict.

"Defendant excepts to the remarks of the county attorney and as to the court what that means."

The defendant has filed ten separate errors alleged to have been committed by the trial court. The errors we deem necessary to consider are as follows:

"4. Error of the court in overruling the demurrer to the evidence of the state.

"5. Error of the court in refusing the peremptory instructions requested by the defendant."

"7. The verdict is contrary to the evidence and is not supported by the evidence."

These three assignments will be considered together, as they relate to the insufficiency of the evidence to sustain the verdict in this case. After a careful reading and study of the testimony and the statements of the court made from the bench at the close of the state's testimony, we fail to find any evidence in the record whatever which tends to show that the cans introduced in evidence in this case contained the same substance they did when the witness Richards testified he saw the defendant with one near his farm. Why, we cannot say, but the state failed to call any one from the sheriff's office to show where the can had been kept, and that the contents of the cans were the same they were when they were delivered to the deputy sheriff by the witness.

Th defendant in this case may be guilty as charged in the information, but before a judgment of five years is permitted to stand it is the duty of the state to prove him guilty. We do not think the testimony in this case is sufficient to sustain the sentence and judgment. The demurrer of the defendant to the evidence and his motion for a directed verdict and his motion for directed verdict were both well taken and should have been sustained by the court.

There are other errors assigned, but the errors considered are sufficient to dispose of this case, and it is not deemed necessary to consider them. There being no competent testimony to sustain the judgment, the case is reversed.

EDWARDS, P. J., concurs.

CHAPPELL, J., dissents.